UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                             Case No. 04-11372-DHW
                                                  Chapter 7
ANN SNELL JORDAN,

    Debtor.
_____

McCLURE-JOHNSTON COMPANY, INC.,

    Plaintiff,
v.                                                Adv. Proc. No. 05-1134-DHW

ANN SNELL JORDAN,

    Defendant.

## MEMORANDUM OPINION

Before the court is the March 24, 2006 motion of the plaintiff, McClure-Johnston Company, Inc. ("McClure-Johnston"), for summary judgment (Doc. #29). A hearing on the motion was held April 10, 2006. Following the hearing, the parties were given time to file their respective briefs of law. McClure-Johnston filed a brief, but Ann Snell Jordan ("defendant" or "debtor") did not.

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's order referring title 11 matters to the Bankruptcy Court. Further, because a complaint to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157, this court's jurisdiction is extended to the entry of a final order or judgment.

## Undisputed Facts

On June 22, 1993, Mark Jordan signed on behalf of the Mark Jordan Co. an application for credit with McClure-Johnston. *See* Plaintiff's Exh. A.[1] The credit application form contains a space for the identification of "Principals-Owners." Mark Jordan is the only listed principal-owner.

Both Mark Jordan and his then wife, the defendant, Ann Snell Jordan, signed a personal guaranty agreement covenanting to pay the debt of Mark Jordan Co. should there be a default. The guaranty agreement was executed on the same date as the credit application. The guaranty agreement provides as follows:

> This Guaranty shall not be revoked by the death of one or more of the undersigned, and shall continue in full force and effect until such time as the Creditor shall receive written notice of revocation, and such revocation shall not in any way relieve the undersigned from liability for any indebtedness incurred prior to the actual receipt of said notice.

*See* Plaintiff's Exh. B.

On June 25, 2004, Ann Snell Jordan filed a chapter 7 petition for relief in this court without having revoked the guaranty agreement. The case trustee filed a Report of No Distribution (Doc. #13) reflecting that no dividend would be paid to unsecured creditors. An order of discharge entered on June 6, 2005.

The debtor did not list McClure-Johnston as a creditor in the bankruptcy case. Therefore, McClure-Johnston did not receive notice

---

[1] In the application for credit, a box entitled "Proprietorship" is checked as a description of the Mark Jordan Co. business. The boxes for "Partnership" and "Corporation" were not checked.

of the bankruptcy.

Beginning on November 19, 2004, and continuing through March 17, 2005, McClure-Johnston made five loans to the Mark Jordan Co. totaling $9,041.55. There was a default in the repayment of these loans, and McClure-Johnston filed suit in the District Court of Houston County against the debtor based upon her personal guaranty.

## Conclusions of Law

I. Summary Judgment

The standard for summary judgment established by Fed. R. Civ. Proc. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7056. The rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

II. Plaintiff's Contention

McClure-Johnston maintains that the personal guaranty agreement signed by the debtor is a "continuing guaranty." McClure-Johnston defines a continuing guaranty as one that "contemplates a series of future transactions" and is "not limited in time or amount and is operative until revoked." *See Shur-Gain Feed Div. Williams Davies Co.,*

*Inc. v. Huntsville Prod. Credit Ass'n*, 372 So.2d 1317, 1320 (Ala. Civ. App. 1979); Plaintiff's Memorandum Brief (Doc. # 35). McClure-Johnston reasons that the debts arising under the continuing guaranty after the debtor filed the chapter 7 petition are postpetition debts not subject to discharge in this bankruptcy case.

III. Discussion

A discharge in chapter 7 discharges the debtor of all prepetition debts.[2] The statute provides:

> . . . a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case . . .

11 U.S.C. § 727(b).

Both of the terms "debt" and "claim" are defined by the Bankruptcy Code, and the terms are coextensive. "Debt" is defined as "liability on a claim." *See* 11 U.S.C. § 101 (12). The term "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, **contingent**, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *See* 11 U.S.C. § 101(5)(A) (emphasis added). Congress gave these terms the broadest possible definitions so as to enable the debtor to deal with all legal obligations in a bankruptcy case. *See Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558, 110 S. Ct. 2126, 2130, 109 L. Ed. 2d 588 (1990). Hence, the statute is clear that a contingent debt may be discharged in a chapter 7 case provided the debt arose before the order for relief.

---

[2] Although not relevant here, certain debts are excepted from discharge under 11 U.S.C. § 523(a).

The question here is whether the debtor's liability on the contingent claim arose when the guaranty agreement was executed in 1993 or when the loans were made to the principal obligor (Mark Jordan Co.) after the debtor had filed the chapter 7 petition. In order to answer that question the court must turn to state law. *See Olin Corp. v. Riverwood Int'l Corp. (In re Manville Forest Products Corp.)*, 209 F.3d 125, 128 (2nd Cir. 2000) (holding that the existence of a claim is determined by federal law but the time a claim arises is determined by relevant non-bankruptcy law).

Alabama state law recognizes a species of guaranty referred to as a continuing guaranty. *Shur-Gain Feed,* 372 So.2d at 1320. One treatise explains as follows:

> A guaranty may be either a "restricted guaranty," which is limited to a single transaction, or a "continuing guaranty," which is not limited to a single transaction but, rather, contemplates a future course of dealing encompassing a series of transactions. The contract is restricted if it is limited to the guaranty of a single transaction or to a limited number of specific transactions and is not effective as to transactions other than those guaranteed. On the other hand, a contract is continuing if it contemplates a future course of dealing during an indefinite period, or if it is intended to cover a series of transactions or a succession of credits, or if its purpose is to give to the principal debtor a standing credit to be used by him from time to time. A continuing guaranty covers all transactions, including those arising in the future, which are within the contemplation of the agreement. A continuing guaranty can include subsequent indebtedness without new consideration being given. **A continuing guaranty is, therefore, simply a divisible offer of a series of separate unilateral contracts, and contemplates a series of transactions between the debtor and the creditor rather than a single debt, and each transaction creates a new contract.**

38 Am. Jur. 2d *Guaranty* § 20 (1999) (emphasis added).

A number of courts have held that the contingent claim under a guaranty contract arises upon the execution of the contract. *See Covey v. Northwest Community Bank (In re Helen Gallagher Enterprises, Inc.)*, 126 B.R. 997, 1000 (Bankr. C.D. Ill. 1991); *Kapela v. Newman*, 649 F.2d 887 (1st Cir. 1981); *Woolley v. Sprague (In re Sprague)*, 104 B.R. 352 (Bankr. D. Or. 1989). The guaranties involved in these cases, however, are restricted ones. That is, the guaranties concern a single or limited number of specific transactions. Hence, the contingent liability was held to have arisen at the time the guaranty was executed.

The case *sub judice* is distinguishable in that the guaranty is a continuing one. Under a continuing guaranty, the guarantor's contingent liability arises at the time of the making of each guaranteed loan. Each loan transaction is considered a separate, unilateral contract. Hence, the contingent liability arises at the time of the loan as opposed to the time the guaranty is executed. Because these loans to Mark Jordan Co. were made after the debtor filed for bankruptcy relief, the debtor's liability under the guaranty agreement for these debts arose postpetition and is not subject to discharge under § 727.

## Conclusion

For these reasons McClure-Johnston's motion for summary judgment is due to be granted. A separate order will enter pursuant to Fed. R. Bankr. Proc. 9021 granting plaintiff's motion for summary judgment and holding that the debtor's liability under the guaranty agreement for the instant debts is not subject to the discharge order.

Done this the 15th day of June, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Britt Batson Griggs, Plaintiff's Attorney
   Patrick B. Jones, III, Defendant's Attorney